the practice of dentistry therein by an unlicensed person.
Curry v. State, 111 Or. R. 264, 12 S. W. (2d) 796 (1928);
Brown v. United States, 257 Fed. 46, 50 (1919) reversed on
other grounds, Brown v. United States, 256 U.S. 335 (1920).

The establishment and maintenance of detention
camps and the lodging therein of alien enemies by the United
States are clearly acts performed in connection with the
prosecution of the war, and, as such, fall within the ex-
clusive jurisdiction accorded the Federal Government by Arti-
cle 1, Section 3 (11) (15) of the Constitution of the United
States. By Article 1, Section 3 (18) of the Constitution of
the United States, the Congress is given authority "to make
all laws which shall be necessary and proper for carrying in-
to execution the foregoing powers, and all other powers vest-
ed by this Constitution in the government of the United States,
or in any department or officer thereof." As a necessary
consequence of its authority to prosecute the war, the Federal
Government possesses the authority both to establish detention
camps and to provide for the health and well-being of the
inmates thereof; and such ancillary powers would seem to in-
clude the power to provide adequate dental treatment whenever
such provision is deemed necessary and proper.

It is common knowledge that Chapter Seven of Title
12 of the Penal Code of Texas and Chapter Nine of Title 71
of the Revised Civil Statutes of Texas (1925), regulating
the practice of dentistry, are exercises of the police powers
of the State and are designed to protect the health and to
further the general welfare of the people of this State. Such
exercises of the police powers of the states are not allowed
to impede the performance by the Federal Government of a
function exclusively within its jurisdiction. 3 Honnold,
Supreme Court Law, 1907 (1933). As was said by Mr. Justice
Brandeis in Arizona v. California, 283 U.S. 423 (1930) at
p. 451, "the United States may perform its functions without
conforming to the police regulations of a State."

In the case just cited, a statute of the State of
Arizona required that plans for all dams to be built within
the State, expressly including those constructed by the United
States, be approved by the state engineer. In constructing

Texas State Board of Dental Examiners, page 4

Boulder Dam under its exclusive authority over navigable rivers, the United States failed to obtain such approval, and its action was challenged by the State. The court held that state police measures are inapplicable to agencies and employees of the Federal Government when such agencies and employees are carrying out functions exclusively within the power of the United States.

The same principle has consistently been enunciated by the Court in other cases. In Ohio v. Thomas, 173 U.S. 276 (1899), the State of Ohio objected because oleomargarine was fed to inmates of a federal soldiers' home located in Ohio contrary to a state act regulating the use of oleomargarine. In rejecting this objection, the Court said:

"In making provision for so feeding the inmates, the governor (of the institution), under the direction of the board of managers and with the assent and approval of Congress is engaged in the internal administration of a federal institution, and we think a state legislature has no constitutional power to interfere with such management as is provided by Congress." (Emphasis ours)

In Johnson v. State of Maryland, 254 U.S. 51 (1920) the State arrested and convicted an employee of the Post Office Department for transporting mail over roads in Maryland without having first been examined and obtained a driver's license from the State. In reversing this conviction, Mr. Justice Holmes said:

"It seems to us that the immunity of the instruments of the United States from state control in the performance of their duties extends to a requirement that they desist from performance until they satisfy a state officer upon examination that they are competent for a necessary part of them and pay a fee for permission to go on. Such a requirement does not merely touch the government servants remotely by a general rule of conduct; it lays hold of them in their specific

Texas State Board of Dental Examiners, page 5

attempt to obey orders and requires qualifications in addition to those that the Government has pronounced sufficient. It is the duty of the Department to employ persons competent for their work and that duty it must be presumed has been performed." (Emphasis ours)

In Hunt v. United States, 278 U.S. 96 (1928) a similar decision was reached with respect to a contention that Federal employees must obtain state hunting licenses before killing game, under orders of their superiors, within the confines of Kaibab National Forest and the Grand Canyon National Game Preserve.

In none of these cases was it deemed important that the United States had not acquired exclusive legislative jurisdiction over the areas in which the various acts were performed. In Ohio v. Thomas, supra, it was expressly shown that although the Federal Government had once possessed exclusive jurisdiction over the soldiers' home involved, it had later relinquished such jurisdiction. Notwithstanding this relinquishment, the court said, at p. 283:

"Whatever jurisdiction the State may have over the place or ground where the institution is located, it can have none to interfere with the provision made by Congress for furnishing food to the inmates of the home. . . . Under such circumstances the police power of the State has no application. . . . In asserting that this officer under such circumstances is exempt from the state law, the United States are not thereby claiming jurisdiction over this particular piece of land, in opposition to the language of the act of Congress ceding back the jurisdiction the United States received from the State. The government is but claiming that its own officers, when discharging duties under Federal authority pursuant to and by virtue of valid Federal laws, are not subject to arrest or other liability under the laws of the State in which their duties are performed."

-In Johnson v. State of Maryland, supra, it is obvious that the Federal Government did not have exclusive legislative jurisdiction over the roads of the State, yet this fact did not militate against the conclusions of the Court. The same is true in Arizona v. California, supra, and in Hunt v. United States, supra, although in neither of these cases is it specifically shown whether or not the Federal Government had acquired exclusive jurisdiction. However, the fact that this point was not mentioned in these cases is a strong indication that such jurisdiction had not been acquired, since otherwise the cases could have been disposed of on this point alone. See Ohio v. Thomas, supra, at p. 281.

In view of the authorities above cited and with recognition of their virtual identity to the situation which you have submitted to this department, you are respectfully advised that Articles 4548 and 4551o of the Revised Civil Statutes of Texas (1925) and Article 747 of Vernon's Penal Code of Texas, prohibiting the practice of dentistry in Texas by unlicensed persons, are police regulations of the State and as such cannot constitutionally be applied to unlicensed persons who are practicing dentistry under the order and direction of the commanding officer of an alien detention camp established and maintained by the United States.

Trusting that this answers your inquiry, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By R. Dean Moorhead

R. Dean Moorhead
Assistant

RDM:db

APPROVED AUG 25, 1942

Gerald C. Mann

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN